UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE LENORA ANAYA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:20-cv-02548 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff protectively filed for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423, 1382c, on August 28, 2018. Certified Administrative Record (AR) 191-94, 195-203 (ECF No. 15). After the Commissioner denied plaintiff's applications initially and on reconsideration (AR 68-87, 88-115), plaintiff and her counsel appeared at a hearing before ALJ Mason D. Harrell, Jr. on June 30, 2020, during which plaintiff amended her alleged onset date to November 19, 2019 and moved to dismiss her Title II claim for DIB. AR 38. In a decision dated July 22, 2020, the ALJ dismissed plaintiff's Title II claim, and, with respect to her Title XVI claim, found that plaintiff was not disabled because she could perform jobs that existed in significant numbers in the national economy. AR 21-29 (ALJ Decision). On October 27, 2020, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4.

Plaintiff filed this action on December 29, 2020. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 11, 13. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner (ECF No. 15), have been fully briefed. ECF Nos. 19 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1969, and accordingly was 50 years old at the amended alleged disability onset date. AR 38. Plaintiff has at least a high school education and can communicate in English. AR 49, 219.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

4

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since November 19, 2019, the amended alleged onset date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairment: deep vein thrombosis and degenerative joint disease of the lumbar spine and hips (20 CFR 416.920(c)).
>
> 3. [Step 3]  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting for about 6 hours in an 8 hour day; standing and walking for about 4 hours in an 8 hour day but for only an hour at a time; and no more than frequent posturals activities.
>
> 5. [Step 4] The claimant is unable to perform past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1969] and was 50 years old, which is defined as closely approaching advanced age (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, from November 19, 2019, through the date of this decision (20 CFR 416.920(g)).

AR 23-29.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 29.

## VI.  ANALYSIS

Plaintiff alleges the ALJ erred by (1) providing legally insufficient reasons for finding plaintiff not credible; and (2) failing to consider SSR 83-12, and whether plaintiff was disabled "within the framework" of the medical vocational rules. ECF No. 12 at 8-13.

### A.  The ALJ Properly Discounted Plaintiff's Testimony

Plaintiff argues that the ALJ improperly discredited her symptom testimony by failing to point to evidence specifically undermining her reported limitations and severity of pain. ECF No. 8 at 14. The court disagrees. An ALJ performs a two-step analysis to evaluate a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citations omitted). First, the ALJ must evaluate the objective medical evidence of the underlying impairment which could be reasonably expected to cause the alleged symptoms or pain, and second, if there is no evidence of malingering, the ALJ can reject the claimant's testimony as to the symptoms' severity by offering specific, clear and convincing reasons. Id. at 1015 (citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

Here, the ALJ summarized plaintiff's testimony as follows:

> When it comes to her impairments, the claimant endorsed hip and lower back pain. She is taking over-the-counter medication to address her pain. She previously took Norco but this caused vomiting and nausea. She testified that she is unable to lift a ten-pound bag of potatoes due to chronic hip and back pain. She maintained she is only able to stand for 30 minutes due to back spasms, leg pain, locking up of the hips, and numbness. She also reported taking blood thinners for chronic swelling of the legs, particularly the left leg. She testified that blood thinners help reduce much of the swelling but that she continues to have a little bit of daily swelling even with use of blood thinners. She reported elevating her leg two to three times a day for

an hour or two at a time to reduce leg swelling (Hearing Testimony). AR 25.  The ALJ concluded that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id.

Plaintiff asserts that given her age (50 at the amended alleged onset date), high school education and lack of transferable job skills, a finding of disabled is warranted if she is limited to sedentary work. 20 CFR 404, Subpart P, Appendix 2, sec. 201.14.  Plaintiff's counsel argued at the hearing that the medical evidence and testimony supported that plaintiff was limited to sedentary work, and therefore she should be found disabled.  AR 65.  Plaintiff conceded that she was capable of full-time work at the sedentary level; she alleged that her main problems were with lifting/carrying and standing/walking.  AR 42–43. She testified that she was limited to lifting/carrying less than 10 pounds, and that she could stand for 30 minutes at a time, for a total of 2 hours in an 8-hour workday.  AR 42-44, 53, 55.  She testified that she could only perform a chore for 30 minutes, then she would need to sit or lie down for 30 to 60 minutes before returning to the performance of chores.  AR 53.

The ALJ's reasons for discounting plaintiff's subjective testimony are supported in his analysis of the medical testimony and clinical findings.  First, the ALJ notes that "[i]n contrast to the claimant's disabling allegations, the evidence fails to document any medical treatment since May 2019," which is significant given plaintiff's amended onset date of November 19, 2019.  AR 26; 20 C.F.R. § 416.929(c)(2); see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis").  There is no evidence of back treatment after plaintiff's February 27, 2019 chiropractic treatment, and no evidence of deep vein thrombosis treatment after March 5, 2019.  AR 427, 432.  Thus, plaintiff has failed to support her subjective claims with any treatment notes form the relevant period.

////

    The ALJ further discredited plaintiff's testimony because of contradictory medical findings from before the onset date and from the plaintiff's consultative examination. The ALJ noted that plaintiff's treating provider, physician assistant Francisco Martinez, described plaintiff's deep vein thrombosis as improved as of March 2019 with unremarkable general findings, and the record does not show any treatment beyond that time. AR 25, 437-38. The ALJ also stated Mr. Martinez found plaintiff's low back pain improved as of 2019 and though plaintiff saw a chiropractor, the chiropractor reported plaintiff was noncompliant with her care plan and missed a visit. AR 26. In Dr. Martinez's treating source opinion, he opined that plaintiff is "limited to lifting and carrying ten pounds, standing and walking two hours in an eight-hour workday, never stooping or climbing, occasional bending and balancing, and occasional reaching and using the hands to manipulate," but the ALJ found this opinion unpersuasive and inconsistent with Mr. Martinez's own medical findings which note plaintiff's back pain and leg swelling had improved and range of motion in all joints was normal. AR 27, 437-38, 468,69.

    The ALJ also relied on the report from an internal medicine examination with Agency physician Dr. Robert Tang, where plaintiff demonstrated a normal tandem walk and toe-heel stand, ambulated without assistance, and had a normal range of motion in the spine and extremities. AR 26, 473-74. Dr. Tang diagnosed plaintiff with long-time deep venous thromboses mainly in the left leg and degenerative joint disease, but noted she could stand/walk for up to 6 hours and had no manipulative limitations. Id. Finally, the ALJ refers to the initial determination of Agency reviewer Scott Spoor, M.D., who concluded the claimant could perform light work while alternating between sitting and standing, and notes that Agency reviewer I. Herman, M.D. affirmed Dr. Spoor's residual functional capacity assessment upon reconsideration. AR 27. Based on these assessments, the ALJ concluded plaintiff was "limited to light work except standing and walking four hours in an eight-hour workday but for only one hour at a time." Id.

    The court finds that the ALJ gave specific and legitimate reasons for discounting plaintiff by referencing her lack of treatment during the relevant period and her very conservative treatment and minimal findings of impairment leading up to the relevant period and at her

consultative examination. A record of conservative treatment is sufficient reason to discount a plaintiff's subjective pain testimony. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); see also Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir.1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received.") Though plaintiff also challenges the ALJ's rejection of her testimony based on her activities of daily living, the court need not reach this issue because the ALJ properly discounted plaintiff's testimony based on her total lack of treatment during the relevant time period and a medical record that does not support the limitations plaintiff alleges.

### B. The ALJ Satisfied the Requirements of SSR 83-12

Plaintiff argues that because she was "closely approaching advanced age" at the alleged onset date, with a high school education and no transferable job skills (per VE testimony), her RFC places her between two exertional levels: the light medical vocational rule 202.14 provides a finding of "not disabled," and the sedentary rule 201.14 provides a finding of "disabled." ECF No. 19 at 12. Plaintiff argues that SSR 83-12 must be considered given the facts of plaintiff's case. Id.

Under agency policy and Ninth Circuit precedent, when an RFC includes exertional and non-exertional limitations that prohibit a claimant from performing the full range of work in an exertional category or falls between two levels of exertion, the ALJ must consult with a vocational expert ("VE") to determine what work the claimant can still do. SSRs 83-12, 83-14; AR 28; Moore v. Apfel, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83–12 directs that when a claimant falls between two grids, consultation with a VE is appropriate. SSR 83–12(2)(c)"). Here, the ALJ did consult a vocational expert who testified at the hearing and identified two jobs available in the national economy that plaintiff could perform: Parking Lot Attendant and Information Clerk. AR 29, 34, 55-63, 65-66.

To the extent plaintiff argues that the ALJ was required to do more than consult the VE

and rely on the VE's testimony, the court finds that the rules do not support that conclusion. SSR 83-12 states that in cases where the grid rules would lead to a findings of non disability at the higher level and disabled at the lower level, vocational expert testimony "is advisable." SSR 83-12(2)(c), available at 1983 WL 31253 at *3. SSR 83-12 does not mandate that the ALJ make any specific inquiry. By posing a hypothetical to the VE that took into account plaintiff's age, education, and work experience, and relying on the VE's testimony, the ALJ acted consistently with SSR 83-12. There was no error.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is GRANTED; and

3. The Clerk of Court shall enter judgment for the Commissioner, and close this case.

SO ORDERED.

DATED: May 16, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE